Good morning, your honors. My name is Dave Merchant. I am also from the District of Montana with the Federal District Defenders of Montana. I'm here for Mark Werner, and we represent Mr. Bowden. Mr. Merchant, can you just speak a little louder? I'm sorry. I'm getting the background noise with you. Okay. I will try. I'm very soft-spoken. Generally a good trait. In this case, your honors, Mr. Bowden did plead guilty to the offense charged of the possession of firearms by a convicted felon. What we're arguing here in reverse order is the sentencing first. In this case, the district court gave notice the day before sentencing that he was going to upward depart. At the sentencing hearing, defense counsel argued that there was a mistake made in the criminal history, which the court agreed to. It denied the argument against paragraph 31, which is, I guess, the reason that we're here. Let me summarize what I think the facts are on this and tell me where I'm wrong. Your client pleads guilty to possession of eight firearms. He does. In the colloquy, he's asked, and he confirms that there are eight. Yes. Gets to the sentencing hearing and wants to say, oh, no, there were only seven. He does. And then you're complaining about the evidence that the government put on to establish eight. My question is, is that evidence necessary at all? Didn't the district judge say, look, based on your plea in the colloquy in your admissions, I find eight. I don't find anything in the sentencing hearing that leads me to a different conclusion, but I'm not sure he based it on the testimony of the ATF officer. He based it on the plea in the colloquy, didn't he? He did. And quite candidly, I think the district court was probably right. Not only did the plea agreement on which he signed have the eight firearms in it, the indictment in and of itself had the eight firearms in it, and the offer of proof, which he agreed to, had the eight firearms in it. And he was specifically asked during the plea colloquy about those eight firearms, and he admitted to that. With all due respect, I think that we should concede that there were eight firearms that were in that. Okay. So what is your challenge to the sentence then? Well, at this point, so we get to the sentencing date. The judge has given notice of upward departure. And during the sentencing hearing, the court actually concedes that I'm not going to upward depart. This is about the sexual exploitation. It is. The court focuses primarily on paragraph 31 in fashioning the sentence. Our argument is that the consecutive sentence is unreasonable in this case. It is philosophically, technically, and legally impossible that a sentence of 33 months consecutive to an indeterminate sentence is not more than necessary. Because this court and any person in this room can't tell me what that sentence is. A sentence that is no greater than necessary is a finite thing, Your Honors. It is 33 months. That is fine. But what we have is my client was sentenced to 7 to 10 years on the theft charge in Wyoming. He was then sentenced to 7 to 10 years suspended consecutively on the assaulting the minor charge. So we have two sentences that he is under. So if you look at the sentencing guidelines, 5G1.3, A and B don't count. It has to be C because at that point this offense, the firearms, wasn't committed while the other offense was under the other sentence. So what we have is the discretion of the court at this point. The court says, I'm going to upward depart. And then he says, I'm not going to upward depart. I'm going to give you a sentence within the guidelines. It was at the high end of the guidelines, the 33 months. But then he made it consecutive to a sentence that has no end date. And my argument to the court then is, at what point is a sentence still reasonable if you have no idea what the sentence is? So tell me what, is this an Eighth Amendment argument? Is it a guidelines argument? It's a 3553 argument. One of the factors you're supposed to take into account is that he's serving a separate sentence under state law. And that you should therefore make it concurrent because the sentence under state law is a longer indeterminate one? That's your argument? Kind of. My argument is that a sentence has to be in the federal system, no greater than necessary, to meet those 3553A factors. And I don't think anybody in this room can tell me what Mr. Bowden's sentence is. We know what his federal sentence is. It's 33 months consecutive to another sentence. But that's what I'm trying to get at. I'm not sure I understood the argument in the briefs. Is the argument that you must look at all the other sentences he is under for unrelated offenses in other jurisdictions and consider them holistically? In other words, now has he gotten his just deserts in the aggregate? As a defense attorney, I would love if the court would do that. I'm asking whether the law requires it. It doesn't have to do that. What it has to do is determine whatever the sentence is that is no greater than necessary. And if you think in terms of a federal sentence, no greater than necessary starts at zero. Is a zero-day incarceration enough? And if the court determines that it's not, that there has to be some incarceration, then it can incrementally go up. So if he were serving a life sentence, a determinate sentence, and he had a life sentence pending and he committed another crime, your argument would be that the federal court should not give him any time at all because it wouldn't be necessary. Absolutely not. I'd say that that sentence has to be, if it's a parolable life sentence, then I would argue that the court has to make that concurrent. A consecutive sentence to an indeterminate sentence is an indeterminate sentence. Where in your brief does this argument appear? It appeared in the third part that the- I'm reading the third part. I don't see the word consecutive any place in there. I mean, I think it's a creative argument, but I also think it's a new argument. It is. Okay. But it still makes the sentence unreasonable, Your Honor. Judge Clifton, it makes the sentence so that when Mr. Bowden, as he sits in Wyoming today, there's discussion in the record where they say he has 31 months left on a 7-10 year sentence. This was sentenced in 2012. Isn't that a Wyoming problem? The federal court has imposed a consecutive sentence. It's making sure that he's going to serve at least that much time. What Wyoming does is up to Wyoming, and we don't control that either. Isn't that what the federal district court did here? And given that Wyoming is independent, isn't that a logical thing for the federal judge to do if he wants to make sure he serves at least this time? It is, and this court has previously ruled that in actually one of my cases. So, yes, but it's still-the parsimony principle still is the controlling aspect of the sentencing. I have different jurisdictions, which the federal court doesn't control what Wyoming decides to do. So the federal court decides, look, this is what I'm doing for myself. I can't guarantee that Wyoming won't pardon him tomorrow. Now, you can accomplish the same thing by making concurrent, because if there's a pardon, he's still got to serve the federal sentence. But the federal judge is saying, look, I'm just dealing with my own separately. What Wyoming does, it's his business. If you think it's too much together, you can tell Wyoming to let him go. And why can't he do that? I mean, I think our case law suggests that he can do that, although the result may be harsh. With all due respect, I don't know if our case law in the Ninth Circuit says that you can do that. But what-again, if the court determines that 33 months is an appropriate sentence to satisfy what the statute requires, then 33 months should be the sentence. To make it consecutive, when the judge says, I'm going to depart upward, but I listened to your argument, I'm not departing upward this time, I'm just going to give you a high end. But how I'm going to get around that departure is I'm going to make it consecutive. That's really what happened here. Well, let's just say that he had decided to depart and did exactly the same thing. Would you have an argument? And made it consecutive? If he said he was going to depart and did exactly what he ultimately did here, would you have an argument? I think I have the-again, candidly, I think I have the same argument that I have now, and it's not a whole lot. I have one of the same questions Judge Clifton had, because I didn't see this in your brief. I saw different arguments. I want to make sure I understand which arguments you're still making. You're not arguing that the judge erred by finding eight firearms. With all due respect, I would concede that there were eight firearms. And then there's an argument in your brief that the judge may have improperly relied on conduct that was not the subject of a conviction. Yes, Your Honor. Are you still making that argument? Yes, Your Honor. Okay. And that's-but I thought you just said that the judge, after listening to defense counsel at trial, said, I'm not going to rely on that information to abruptly depart. So doesn't that hurt that argument? I don't think the judge actually said- This is the paragraph 31 information. Right. I don't think that the judge-and I'm right at the end of my time. Can I answer this question? Sure, please. I think what happens is paragraph 31, there are multiple, multiple, I think 17 charges. And he ultimately pleads guilty to one involving one victim. Right. And there's some concern that the judge may have used the ones that he didn't plead guilty to in sentencing. And defense counsel makes an eloquent plea to the judge that says-the judge says, I'm inclined to rely on these. And defense counsel says to the judge, that would be improper. You should only rely on the one he was convicted on. And the judge says, after listening-I'm paraphrasing, but after listening to your brilliant argument, I think you're right. And then gives a within-guideline sentence without abruptly departing. Yes. So what's left there on that argument? Well, on that part of it, I think that the record will support that the judge says, I'm not going to consider these two other victims. But there's still an amazing amount of bad conduct related to the victim that he pled guilty to. If you look at the pre-sentence report, paragraph 9 starts on page 7. And page 9 of the pre-sentence report, there's one paragraph in which he is his admissions in Wyoming. That's the only part of that entire paragraph that he held himself accountable for. So if the court were to just have viewed that single paragraph, then I think that we don't have an argument on that. But it's hard to unring the bell because this conduct, and with all due respect, I mean, he isn't the worst guy we've seen, and not even by close, but there's some pretty horrible things that are listed in paragraph 31. Yeah, and my difficulty, and I guess now I understand your argument, is the judge said, after the defense counsel made exactly the same argument you're making now, he said, you're right, I shouldn't rely on that other stuff. Right, but you can't unring that bell. I mean, that's one of those things that, yeah, and that's one of the problems with our system, is that we have to give the judge all the evidence, and the judge says, you're right, this is really, really bad stuff, and I'm not going to think about it. I'm still giving you a high end of the guideline, but there's no basis for the high end versus the low end of that guideline, if you just look at that single paragraph, or at the conduct of possessing stolen firearms. The judge says, you stole from your friend, and unfortunately Mr. Bowden gets up and says, the only thing that happened during this is I've lost my best friend. But the reality is that paragraph 31, it tainted the whole thing. That was the basis for the upward departure. That was the reason that the court gave, I'm going to upward depart, and he still gave high end guideline, but he gave it all consecutive to an indeterminate sentence, and I understand that that's not part of the argument here. I wasn't the briefing attorney, I wasn't the trial attorney, but I think that the consecutive sentence makes 3553 a moot point in this case. Thank you. We'll hear from the government. Good morning, Your Honors. My name is Leif Johnson for the United States, and may it please the court. As to the issue that Mr. Merchant raises this morning about consecutive sentences, I didn't perceive that to be an issue raised in the briefs. We would be happy to address that in some supplemental authority if the court wishes to consider that further. I think just off the cuff I would advise the court that I think that that issue falls squarely within the court's broad sentencing discretion to determine when consecutive sentence is appropriate. I came here, I guess, prepared to address what I think is the main issue, which is the sexual abuse issue and what the court relied upon. I agree, Judge Hurwitz, that the sentencing record as a whole indicates that the court here relied on statements that the defendant essentially admitted and I think took some care to parse out those which the defendant did not. And part of that confusion I think relates to this paragraph 31, which if you break it all down has six or seven separate incidents in it, three of which the defense objected to and the other three or four of which were fair game at sentencing. And I think if you look at the court's sentencing colloquy with the defense counsel, he was trying to sort of decide, okay, where is the conduct that I can rely on? My concern about the colloquy is that after the judge says what I said before, you're right, I shouldn't rely on this other stuff, then he seems to mention it afterwards. Yes. How do you deal with that? Well, I think that needs to be taken into the whole context here. Okay? And so I think the judge at the very end made one statement which was a little bit broader than probably what he should have made given his earlier determination. And that's towards the end of where he's actually issuing the sentence and the judge, and I'm looking at page 83 in the record, Your Honor, where he says, you know, I find that you are exceptional because of exploitation of children, right? And he uses children in the plural, and later, a sentence later, he refers to the incidents that the defendant admitted to. I think it's fair from the record. If you go back to pages 74 and 75 where the court is trying to decide what the defendant has admitted, I think those statements that the court makes in actually issuing the sentence were sufficient to establish that he was relying on admitted conduct there. But that's not to say it's absolutely clear. There is a statement there which I think you could argue. So let's say, for the purpose of argument's sake, that the court may have had in its mind these other two incidents. Number one, does that mean that the sentence was demonstrably based upon unreliable hearsay? We don't think that it does. We think that the court came to this sentencing with the intention to depart upward and decided not to do it and made a finding that it believed the defense counsel's rendition of the facts were sufficient to support a guideline sentence. So we think in the whole, the court was very careful not to use that to actually fashion the sentence, although he may have mentioned it. Counsel, how do we review what a sentencing judge does when the statements made by the judge are ambiguous, such as what we have here? That's an excellent question, Your Honor. Under Rule 32, I think the review is fairly strict. But the defense here didn't raise a Rule 32 objection. And so they raised a due process issue. And due process is a much broader inquiry. It asks whether or not there was unreliable hearsay that bore no initial reliability and was demonstrably the basis of the sentence. That's a much more difficult test. I think if this were a Rule 32 case, we would be looking at it much more strictly. Now, that issue was waived, and our position would be that it is waived. And if the court were to look at that issue and want further explanation on this sentence, we think the defense would still have to show under plain error that it affected the sentence. So this is, as in most of these cases, this is the defense's burden. And because it wasn't raised, it's a plain error. So basically what they have to show is that this would be a manifest injustice, right? Yeah, that it affected the sentence, which is the same actual inquiry on the due process issue, right? So at the end of the day, when I originally went through this, I thought, well, you know, maybe I should advise the court that this is a Rule 32 issue. I decided not to because, in the end, it comes down to the same issue. Was the sentence affected? I think when you take the transcript. The sentence certainly could have been affected by the convicted conduct. Nobody doubts that. Absolutely. And I think the judge's comments were, you know, if I could consider this other conduct, I would go upward, but you've convinced me I shouldn't do that, so I'm not going to. And clearly, Your Honor, the admitted conduct in paragraph 31 was fairly disturbing conduct. I mean, we had three incidences of sexual exploitation and at least one of physical abuse, you know, of a fairly radical nature. So the court had ample reason to sentence this case at the high end of the guidelines, even though in the absence of the sexual history issue, the defendant actually presented to be a fairly sympathetic person. But the court had ample basis on this record to sentence within the guideline range. We think that the due process question actually is a less technical question than the Rule 32 question and that the defendant's burden here is much higher to show that the sentence of 33 months in the guideline range was demonstrably based on something that was unreliable. And as a final point, I would just say that if you look at the Berry case, I think it's even arguable that the court could have said and could have thought that those statements from those other two victims were reliable enough because they were similar. They were quite similar to what went on here. And although the defendant objected to that, I think that that bore enough indicia of reliability for the court to at least use it to determine what the defendant's sort of threat to the community is. So bottom line, Rule 32 is waived. No objection was made. The defense has to show manifest injustice to turn around the sentence. And in this case, they simply didn't meet their burden. Is that what you're saying? Exactly. Okay. If the Court has no further questions, thank you. I'll take your time. Is there something you want to say to us? Only if the Court has questions, Your Honors. Apparently not. We thank both of you for your helpful arguments. The case just argued is submitted.
judges: Clifton, Smith, Hurwitz